United States District Court
Southern District of Texas
ENTERED

APR 19 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HOMERO G. CARDENAS | § | |
| | § | |
| v. | § | C. A. NO. C-00-085 |
| | § | |
| OFFICER J. EFRE, ET AL | § | |

## MEMORANDUM AND RECOMMENDATION
## TO SUMMARILY DISMISS §2254 PETITION

On February 28, 2000, Homero G. Cardenas ("Cardenas"), an inmate at the Stevenson Unit of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID") filed a complaint challenging a December 13, 1999 prison disciplinary hearing that resulted in his loss of 20 days of commissary time and 20 days of recreation time. DE 1. He complains that the disciplinary conviction will affect his parole eligibility. Cardenas has since filed a supplement to his complaint. DE 5.

Although Cardenas does not characterize his claim as either a petition for habeas corpus pursuant to 28 U.S.C. § 2254 or a civil rights action pursuant to 42 U.S.C. § 1983, it has been treated as a habeas petition because he seeks to have the conviction "dropped" and "cleared off the computer."

Cardenas alleges that the disciplinary hearing was held without notice to him, thus denying him the opportunity to present exculpatory evidence on his own behalf. DE 1. He also alleges that a witness lied at the hearing. Id.

Cardenas does not state that he has appealed the disciplinary action through the prison grievance system. For the reasons set

forth below, it is recommended that Cardenas' petition be summarily dismissed.

## I. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. §§ 2241, 2254.

## II. BACKGROUND AND DISCUSSION

**A. Petitioner does not state a habeas corpus claim**

Cardenas claims that on December 11, 1999, he was falsely accused of refusing to attend the academic program in which he is enrolled, called "ABE". DE 1 at 1. He further alleges that he received no notice of the date and time for the disciplinary hearing of December 13, 1999, and that he was found guilty *in absentia*. DE 1 at 2. He states that his main concern is that the disciplinary case is now part of his records and will affect his eligibility for parole. Id.

The Fifth Circuit has stated the type of case that constitutes a proper claim for habeas corpus relief as follows: "The rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter..." Jackson v. Torres, 720 F. 2d 877, 879 (5th Cir. 1983) (*per curiam*) (citing with approval Johnson v. Hardy, 601 F.2d 172, 174 (5th Cir. 1979).

2

Cardenas' complaint is not actionable under 28 § 2254. Cardenas does not claim to have lost good time credits at the disciplinary hearing, the restoration of which may be pursued by habeas corpus. <u>Edwards v. Balisok</u>, 520 U.S. 641, 93 S Ct. 1584 (1997). Instead, he complains only of a disciplinary hearing which may have some unspecified delaying effect on his eligibility for parole consideration. This claim does not address the fact or duration of his confinement as required under the cases cited above.

**B. Petitioner's claim is not actionable as civil rights claim**

Even if the Court were to consider this action as a civil rights claim under 42 U.S.C. § 1983, it would still be subject to summary dismissal. The Supreme Court has held that the due process clause does not protect every change in the conditions of confinement having a substantial adverse effect upon a prisoner. <u>Sandin v. Connor</u>, 515 U.S. 472, 478, 115 S. Ct. 2293, 2297 (1995) (<u>discussing</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 224, 95 S. Ct. 2532, 2538 (1976)). A prisoner's liberty interest is generally limited to freedom from restraints that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484, 115 S. Ct. at 2300. The <u>Sandin</u> Court held that the prisoner's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." <u>Id</u>. at 486, 115 S. Ct. at 2301. That is, the punishment

3

received did not trigger the Fourteenth Amendment. Applying <u>Sandin</u> to the case at bar compels the conclusion that a mere loss of privileges, including loss of a more favorable classification status or eligibility for parole, does not constitute a deprivation of a constitutionally cognizable liberty interest. <u>See also</u>, <u>Jago v. Van Curen</u>, 454 U.S. 14, 21, 102 S. Ct. 31, 36 (1981) (prisoner does not have a liberty interest in parole eligibility); <u>Lufkin v. Scott</u>, 71 F.3d 192 (5th Cir. 1995) (placement in administrative segregation, which affects ability to earn good time credits, does not constitute a deprivation of a liberty interest).

### III. **RECOMMENDATION**

It plainly appears on the face of Cardenas' petition that he has failed to state a constitutional violation sufficient to support habeas corpus relief. Nor is such a claim actionable as a civil rights case. Accordingly, it is respectfully recommended that his petition be summarily dismissed. Rule 4, Rules Governing Section 2254 Cases.

Respectfully submitted this __18__ day of April, 2000.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

4

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

5